```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF VERMONT

CHARLES COTA                    :
                                :
     v.                         :    CIVIL NO. 1:04CV297
                                :
CHIPLIN ENTERPRISES, INC.       :
_____  :
```

            RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
                              (Paper 21)

Defendant Chiplin Enterprises, Inc. (hereinafter "Chiplin") has moved for summary judgment on plaintiff Charles Cota's claims that it is liable for damages he sustained as a result of a workplace accident.  Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See, e.g., Atlantic Mut. Ins. Co. v. CSX Lines, LLC, 432 F.3d 428, 433 (2d Cir. 2005).  At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue of fact for trial."  Globecon Group, LLC v. Hartford Ins. Co., 434 F.3d 165, 170 (2d Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

The burden is on the moving party to demonstrate there is no material fact genuinely in dispute.  See Feingold v. New York,

1

366 F.3d 138, 148 (2d Cir. 2004).  The non-moving party may survive the motion if it responds with specific facts raising a triable issue, and it is able to demonstrate sufficient evidence to support a prima facie case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  When ruling on a motion for summary judgment, the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party.  See Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005).

Upon review of the submissions of the parties, the Court finds the following facts undisputed.  The plaintiff was employed by Norm's Roofing and Siding (hereinafter "Norm's").  Chiplin contracted with Norm's to repair the roof of its property located in West Lebanon, New Hampshire.  See Amended Complaint (Paper 3) at 2.

On October 24, 2003, the plaintiff and several other Norm's employees were working at Chiplin's West Lebanon property, standing on what roofers refer to as "ladder-jack" staging.  "Ladder-jack" staging consists of two ladders parallel to one another and leaning against a building with L-shaped brackets attached.  Planks run through the brackets to create a platform upon which workers stand.  For safety reasons, this type of staging also is tied to the building.

The plaintiff was familiar with ladder-jack staging from prior jobs.  Despite experience with this type of staging,

neither the plaintiff nor his co-workers tied it to the building while working at Chiplin's property.  Because the ladder-jack staging was not properly secured, the plaintiff and a co-worker fell, resulting in plaintiff's injuries.

Chiplin did not supervise Norm's workers or the details of the work performed, nor did any Chiplin representative witness the accident.  See generally Paper 21-3 at 9.  In fact, plaintiff concedes that Kurt Tavis, his former co-worker at Norm's, directly supervised the job site at issue, and that Norm's owner, Norm Bevins, generally supervised his work.  See Paper 21-4 at 31-34.

Since the accident occurred in New Hampshire, the parties agree that New Hampshire law is applicable.  See Paper 21 at 5.  Under well-established New Hampshire law, "in ordinary circumstances the employer of an independent contractor is not liable for the negligence of his contractor."  Carr v. Merrimack Farmers Exch., Inc., 146 A.2d 276, 278 (N.H. 1958); accord Carter v. Berlin Mills Co., 58 N.H. 52 (1876).  In this case, the uncontroverted facts are that Chiplin employed Norm's as an independent contractor, and the plaintiff was an employee of Norm's, not of Chiplin.  Therefore, unless the facts of this case fall within an exception to the general rule, the defendant is not liable to plaintiff for his injuries.

The plaintiff argues the defendant is liable under the exception for "inherently dangerous activities."  See Paper 3 at 4.  In Arthur v. Holy Rosary Credit Union, 656 A.2d 830 (N.H. 1995), the New Hampshire Supreme Court considered the issue of whether general construction projects fall within the Restatement (Second) of Torts' "inherently dangerous" exception.  In Arthur, the plaintiff was an employee of a building company who fell through a hole in the roof while on a job for the defendant credit union.  Upholding the trial court's entry of summary judgment, the New Hampshire Supreme Court stated "that construction projects, typically fraught with a variety of potential dangers that may arise if the work is not carefully done, do not, as a rule, fall within the inherently dangerous category."  Id. at 833.  The court continued: "[T]he inherent danger doctrine is inapplicable as a matter of law where, as here, the danger derived not from the nature of the work, but from the negligence of the contractor."  Id.

Similarly, the inherently dangerous exception does not save this plaintiff's cause of action.  A review of the record in this matter indicates the danger of falling was caused by the negligence of Norm's employees, and not by any danger inherent in the work or any improper actions on the defendant's part.  Furthermore, the record does not suggest Chiplin knew or should have known that Norm's would set up the ladder-jack staging in an

unsafe manner.  Accordingly, the entry of summary judgment is appropriate.  See id. (where danger is derived from contractor's negligence, "there was no issue for the jury.").

    The plaintiff also maintains Chiplin is liable for his injuries because it "made no effort to determine whether the Plaintiff's employer (Norm's) was a competent roofing contractor."  Paper 26 at 8.  This argument is likewise unavailing.  In New Hampshire, "the prevailing view [is] that the doctrine of negligent hiring does not apply to cases such as this, where the injured plaintiff was an employee of the contractor hired by the defendant."  Richmond v. White Mountain Recreation Ass'n, 674 A.2d 153, 155 (N.H. 1996).  Moreover, Chiplin cannot be held liable for employing an incompetent contractor unless plaintiff demonstrates (a) Chiplin knew or with reasonable care should have known of the contractor's lack of qualifications, and (b) its lack of due care in the selection resulted in the plaintiff's injury.  See Arthur, 656 A.2d at 834.  Here, the plaintiff has merely alleged the negligent use of equipment by Norm's employees, an insufficient basis to impose liability.  See Restatement (Second) of Torts § 411, cmt. c (1965) ("[O]ne who employs a carpenter to repair the ceiling . . . is entitled to assume that a carpenter . . . of good reputation is competent to do such work safely.").

Lastly, the plaintiff attempts to argue Chiplin is vicariously liable for not providing fall protection devices required by the federal Occupational Safety and Health Act (hereinafter "OSHA").  The short answer is that OSHA does not impose liability on a property owner when a worker for an independent contractor is injured.  See, e.g., C.L. Osborne Contracting Co. v. Bama Util. Contractors, Inc., 591 F.2d 318, 321 (5th Cir. 1979) (OSHA is inapplicable because a general contractor is not an employer of an independent subcontractor.)

Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 25th day of August, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge